# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO PATIA GATICA,<br><br>Petitioner,<br><br>v.<br><br>ORESTES CRUZ, *et al.*,<br><br>Respondents. | Case No. 1:26-cv-00922 JLT CDB (HC)<br><br>A File: 221-158-377<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART; ORDERING THAT RESPONDENTS PROVIDE PETITIONER A PROMPT BOND HEARING; DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Doc. 13) |

Pedro Patia Gatica, a federal immigration detainee, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) The Court denied Petitioner's motion for a temporary restraining order and referred the merits to the assigned magistrate judge. (Doc. 6.)

On March 31, 2026, the magistrate judge issued findings and recommendations to grant the petition. (Doc. 13.) The magistrate judge found that Petitioner has a continuing liberty interest that implicates procedural due process, evaluated the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), and recommended Petitioner be released immediately. *Id.* at 14-19. The findings and recommendations were served on the parties, and it notified them that any objections were to be filed within seven days of service. (Doc. 13 at 19.) Respondents filed objections on April 7, 2026. (Doc. 14.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a de novo review of this

case. Having carefully reviewed the matter, including the objections, the Court concurs with the magistrate judge that the petition should be granted but departs as to the appropriate remedy. It is undisputed that prior to the re-detention challenged here, ICE released Petitioner into the United States on an order of supervision and enrolled him in the Intensive Supervision Appearance Program. (Doc. 1, ¶¶ 2–3; Doc. 1-2 at 8–15.) Petitioner concedes that he "may have missed certain weekly telephonic check-ins" but asserts that those missed check-ins were the result of him not having strong enough cellphone service at his job. (Doc. 1, ¶ 3.) Though he indicates that as soon as he had sufficient reception "he would complete his check in by sending in the required photo" and that he was never told that missing his virtual check-ins would result in re-detention, (*id.*), the Court is not able to determine the significance of those apparent instances of non-compliance. Thus, the Court will order that Respondents provide Petitioner with a bond hearing at which Respondents will bear the burden of demonstrating that he is a flight risk or danger to the community. Thus, the Court **ORDERS**:

1. The findings and recommendations (Doc. 13) issued on March 31, 2026, are **ADOPTED** in part.

2. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**.

3. Respondents are **ORDERED TO PROVIDE** Petitioner with a bond hearing within 14 days before an IJ wherein the Government must demonstrate by clear and convincing evidence, in accordance with the requirements of *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011), that Petitioner is not a flight risk or a danger to the community, or in the alternative, release Petitioner on appropriate conditions of supervision.

4. The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated:   **April 9, 2026**

_____
UNITED STATES DISTRICT JUDGE

2