UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO PATIA GATICA,<br><br>               Petitioner,<br>v.<br><br>ORESTES CRUZ, et al.,<br><br>               Respondents. | Case No. 1:26-cv-00922-JLT-CDB<br><br>ORDER DENYING PETITIONER'S MOTION TO ENFORCE<br><br>(Doc. 17) |

I.    INTRODUCTION

Before this Court is a motion by Pedro Patia Gatica to enforce this Court's April 9, 2026, order requiring Respondents to provide Petitioner with a substantive bond hearing. (Doc. 15.) Respondents filed a response in opposition to the motion (Doc. 19), and Petitioner filed a reply. (Doc. 21.) For the reasons set forth below, the Court **DENIES** the motion.

II.    FACTUAL AND PROCEDURAL BACKGROUND

This Court summarized the factual and procedural history behind this action in previous orders and incorporates those summaries by reference here. (*See* Docs. 13, 15.) On April 9, 2026, this Court adopted the findings and recommendations issued by the assigned magistrate judge in this case to grant Petitioner's petition for writ of habeas corpus and order Respondents to provide Petitioner with an individual bond hearing at which the Government bears the burden of proof by

1

clear and convincing evidence to show that Petitioner's detention is warranted.[1] (Doc. 15 at 2.)

On April 17, 2026, Petitioner was given a bond hearing before Immigration Judge Katie G. Mullins who determined that the Government had met its burden to prove that Petitioner's continued detention was justified based on flight risk. (*See* Written Order of the Immigration Judge, Doc. 17-1 at 4-5.) During the bond hearing, the Government presented evidence showing, *inter alia,* that Petitioner has no lawful employment history, five voluntary returns to the United States, no reliable sponsor for bond, and no proof that he would be able to lawfully reside with his daughter in her leased residence. (*See generally,* Digital Audio Recording ("DAR").) The Government also noted that Petitioner "has failed to remain compliant with the Intensive Supervision Appearance Program (ISAP)…and has approximately sixteen (16) violations." (Doc. 17-2 at 4-5.)

On April 23, 2026, Petitioner filed a motion to enforce, arguing that his continued detention without an adequate bond hearing violates this Court's prior habeas corpus order and, necessarily, his Fifth Amendment due process rights. (*See generally,* Doc. 17.) Petitioner now seeks an order granting his immediate release. (*Id*. at 8.)

### III.    LEGAL STANDARD

This Court has clear authority to ensure that the Government acts in accordance with its orders granting relief in habeas actions. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief."). In constitutional challenges to an IJ's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). "[A]buse of

---

[1] The relevant part of this Court's April 9, 2026, order reads as follows:

> Respondents are **ORDERED TO PROVIDE** Petitioner with a bond hearing within 14 days before an IJ wherein the Government must demonstrate by clear and convincing evidence, in accordance with the requirements of *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011), that Petitioner is not a flight risk or a danger to the community, or in the alternative, release Petitioner on appropriate conditions of supervision.

(Doc. 15 at 2.)

discretion" review does not involve "reweigh[ing] evidence" but rather determining whether the IJ "applied the correct legal standard." *Id*. (citation and quotations omitted). In other words, "[i]n reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence... review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" *Quan v. Barr*, No. 20-cv-08118-LB, 2021 WL 308610 at *4 (N.D. Cal. 2021) (quoting *Hilario Pankim v. Barr*, No. 20-CV-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020) (internal citation and quotation omitted)). The reviewing court must bear in mind that "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017).

## IV.    ANALYSIS[2]

Petitioner argues that (1) the IJ failed to properly place the burden on the government to show through clear and convincing evidence that Petitioner is a flight risk and (2) failed to act as a neutral arbitrator in violation of Petitioner's due process rights. (Doc. 17-1 at 2.) In support, Petitioner cites (1) the IJ's determination that she need not assess whether Petitioner poses a danger to the community,[3] (2) the Governments' failure to submit any evidence explaining the nature and substance of Petitioner's alleged ISAP violations, (3) the IJ's mischaracterization of Petitioner's eligibility for asylum, and (4) public news sources reporting on former IJ's who claim

---

[2] This Court has previously waived the prudential exhaustion requirement in procedurally similar cases. *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823 at *5, n.7 (E.D. Cal. Jan. 29, 2026) (finding that petitioner satisfied irreparable injury *Laing* factor by "demonstrating the irreparable harm that would result from wrongful detention, which may result given the lengthy time it takes to have an appeal decided."); *see also, Loba L.M. v. Andrews*, No. 1:25-CV-00611-JLT-SAB, 2026 WL 710307 (E.D. Cal. Mar. 13, 2026) (holding that where a Petitioner seeks to enforce a prior habeas order in which an explicit finding of irreparable harm due to continued detention was made, such a previous finding satisfies the second *Laing* factor for the purposes of the prudential exhaustion requirement); *SEHAJVEER SINGH (A-No. 245-003-055), Petitioner, v. WARDEN OF GOLDEN STATE ANNEX FACILITY, et al., Respondents*, No. 1:26-CV-00172-JLT-EPG, 2026 WL 1328508 at *3 (E.D. Cal. May 13, 2026) (same). The Court therefore adopts the reasoning of the above-mentioned cases and waives the prudential exhaustion requirement here on similar grounds.

[3] Petitioner argues that the IJ misapplied binding BIA case law which states that "[o]nly if an alien demonstrates that he does not pose a danger to the community should an Immigration Judge continue to a determination regarding the extent of flight risk posed by the alien." (Doc. 17-1 at 3.) However, Petitioner provides no case law citation for this assertion.

that IJ's are under overt pressure from their superiors at the Executive Office of Immigration Review to deny bond. (Doc. 17-1 at 3-8.) Having carefully considered and reviewed Petitioner's submissions, the IJ's written order, and the digital audio recording of the April 9, 2026, bond hearing, the Court finds that that Petitioner has not demonstrated that the IJ failed to comply with its prior habeas order or otherwise abused her discretion.

It is unquestionable that where an IJ fails to act as a partisan adjudicator, the noncitizen's due process rights may be violated. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (finding a due process violation where "[a]t the start of the hearing, the IJ indicated that he had already judged [petitioner's] claim" and where the IJ acted as a "partisan adjudicator seeking to intimidate [petitioner] and his counsel.") "An immigration decision violates due process if the proceeding was 'so fundamentally unfair that the [applicant] was prevented from reasonably presenting his case.' " *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) (quoting *Ramirez-Alejandre v. Ashcroft*, 319 F.3d 365, 380 (9th Cir. 2003) (en banc)). "To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice," id., which "is essentially a demonstration that the alleged violation affected the outcome of proceedings. *Lata v. I.N.S.*, 204 F.3d 1241, 1246 (9th Cir. 2000).

The record here does not demonstrate that the IJ acted as a "partisan adjudicator seeking to intimidate [petitioner] and his counsel." *Colmenar*, 210 F.3d 967 at 971. The IJ provided a detailed and well-reasoned analysis in her written decision denying bond, cited appropriate case law, and provided both Petitioner and the Government an opportunity to provide evidence and make arguments at the bond hearing. *See* DAR. The Court is not persuaded by Petitioner's vague allegations that "the misapplication of the legal standard ordered by this court is due to inherit bias by the IJ." (Doc. 17-1 at 7.)  Furthermore, Petitioner makes no showing of being prevented from reasonably presenting his case and fails to demonstrate any prejudice because of the IJ's conduct. As such, his argument that his bond hearing did not comport with due process and this Court's prior order, necessarily fails.

As to the IJ's flight risk assessment, that is not a question for this Court. *See Quan,* No. 20-cv-08118-LB, 2021 WL 308610 at *4 ("a district court may not second guess the IJ's

4

weighing of the evidence"). Complaints about findings of fact, the application of BIA case law to Petitioner, and the ultimate the conclusion the IJ reached must be presented through the normal immigration appeal process.

**V.     CONCLUSION AND ORDER**

For the foregoing reasons, Petitioner's motion to enforce the Court's earlier order (Doc. 17.) is **DENIED**. The case remains **CLOSED**.

IT IS SO ORDERED.

Dated:   **May 25, 2026**

UNITED STATES DISTRICT JUDGE